**Michelle Haberland**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Friday, August 30, 2019 3:59 PM |
| **To:** | Michelle Haberland |
| **Subject:** | Notification of Service for Case:  1126859, JEFFREY ADAMS,SHERRI ADAMS vs FEDNAT INSURANCE COMPANY for filing Amended Filing, Envelope Number: 36445183 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |



# Notification of Service
Case Number: 1126859
Case Style: JEFFREY ADAMS,SHERRI ADAMS
vs FEDNAT INSURANCE COMPANY
Envelope Number: 36445183

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 1126859 |
| **Case Style** | JEFFREY ADAMS,SHERRI ADAMS vs FEDNAT INSURANCE COMPANY |
| **Date/Time Submitted** | 8/30/2019 3:57 PM CST |
| **Filing Type** | Amended Filing |
| **Filing Description** | PLAINTIFF'S FIRST AMENDED PETITION |
| **Filed By** | Eric Dick |
| **Service Contacts** | FEDNAT INSURANCE COMPANY:<br><br>Michelle Haberland (mhaberland@gallowaylawfirm.com)<br><br>James Kauffman (jkauffman@gallowaylawfirm.com)<br><br>Les Pickett (lpickett@gallowaylawfirm.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |

1

**EXHIBIT "B"**



# CORPORATE CREATIONS®

Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

FedNat Insurance Company                                     06/04/2019
Carissa Lawson-Mason Compliance Analyst
FedNat Insurance Company
14050 NW 14th Street
Suite 180
Sunrise   FL   33323

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | | |
|---|---|---|---|
| 1. | **Client Entity:** | FedNat Insurance Company | |
| 2. | **Title of Action:** | Jeffrey and Sherri Adams vs. FedNat Insurance Company | |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Original Petition<br>Exhibits | |
| 4. | **Court/Agency:** | Harris County Civil Court | |
| 5. | **State Served:** | Texas | |
| 6. | **Case Number:** | 1126859 | |
| 7. | **Case Type:** | Breach of Contract | |
| 8. | **Method of Service:** | Certified Mail | |
| 9. | **Date Received:** | Monday 6/3/2019 | |
| 10. | **Date To Client:** | Tuesday 6/4/2019 | |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes<br>See Notes | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Dick Law Firm, PLLC<br>Houston, TX<br>832-207-2007 | |
| 13. | **Shipped To Client By:** | Email Only with PDF Link | |
| 14. | **Tracking Number:** | | |
| 15. | **Handled By:** | 441 | |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid or defective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

**Item: 2019-40**



# OFFICE OF DIANE TRAUTMAN
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1126859**
**Receipt Number:     Date:   Sheriff/Constable Fee: $**

JEFFREY ADAMS, ET AL
**Plaintiff**
**VS.**
FEDNAT INSURANCE COMPANY
**Defendant**

In The County Civil Court at Law No. 1
201 Caroline #500
Houston, Tx 77002

### THE STATE OF TEXAS
### ORIGINAL  PETITION ADMS, DISC, INT, PROD CITATION

To:     FEDNAT INSURANCE COMPANY is a company and may be served by serving the president, an active vice
president, secretary or attorney in fact
Defendant's attorney for service is:
CORPORATE CREATIONS NETWORK, INC.
4265 SAN FELIPE STREET, STE. 1100
HOUSTON, TX  77027-2988

Attached is a copy of petition.
This instrument was filed on the **28th day of January, 2019,** in the above cited cause number and court. The instrument
attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county
clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 29th day of January, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 1
201 Caroline, Suite 300
Harris County, Texas

William R. Wilson
Deputy County Clerk

Requested
By:

ERIC DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX  77092

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock ___.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in
person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|------|------|-----|------|------|------|
|      | Month | Day | Year | Hour / Min. - AM/PM |  |
|      |      |     |      |      |  |
|      |      |     |      |      |  |
|      |      |     |      |      |  |

and not executed as to the Defendant _____
_____

the diligence used in finding said Defendant , being _____
_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant , being: _____
_____

_____(Sheriff)

(Authorized Person)                                                                                      (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

By _____, Deputy

(Notary Public)

_____

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,
a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County _____, State of

_____, on _____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto.  He further says that he is in no manner interested in this Suit.

Sworn to and subscribed before me,

_____.

_____(Sheriff)

_____(Constable)

_____, County,

State of _____

By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

NO. _____.

| | | |
|---|---|---|
| **JEFFREY and SHERRI ADAMS,** | § | **IN THE COUNTY CIVIL COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER** _____. |
| | § | |
| | § | |
| **FEDNAT INSURANCE COMPANY,** | § | |
| *Defendant* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEFFREY and SHERRI ADAMS (herein "Plaintiff"), who files this, its Original Petition, against FEDNAT INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

## I.

### Preliminary Information and Definitions

1.  Insured:               JEFFREY and SHERRI ADAMS (herein "Plaintiff")

    Policy Number:      FNT141787600 (herein "Policy")

    Claim Number:       4O0118257484 (herein "Claim" or "Claim Number")

    Date of Loss:        01/11/2018 (herein "Date of Loss")

    Insured Property:   6405 CYPRESS LANE, KATY, TX 77493

                             (herein "Property" or "Insured Property")

    Insurer:               FEDNAT INSURANCE COMPANY (herein "Defendant")

                             Defendant's attorney for service is: CORPORATE CREATIONS NETWORK,

                             INC. 4265 SAN FELIPE STREET, STE. 1100, HOUSTON, TX 77027-2988

## II.

### Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Request for Expedited Trial Date

3. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## V.

### Jurisdiction

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Specifically, Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 at this time.

7. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

### Venue

8. Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. §

15.032

# VII.

## Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.

10. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff.

12. The Plaintiff suffered a significant loss with respect to the property at issue and may have suffered
    additional living expenses.

13. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of
    the home.

14. Defendant assigned a Claim Number to Plaintiff's claim.

15. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious
    knowledge and evidence of serious cosmetic and structural damage.

16. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy
    provided coverage for losses such as those suffered by Plaintiff.

17. The person hired by Defendant to prepare an estimate on Plaintiff's property appeared to be an advocate
    for Defendant as he/she advocated for a minimal sum of damages Plaintiff sustained.

18. Furthermore, the adjuster hired by Defendant was improperly trained, had inadequate knowledge of the
    type and scope of loss, have very little or no hands on experience with construction, and was not qualified
    to prepare the underlying estimate for damages Plaintiff suffered.

19. As Defendant briefly inspected Plaintiff's home, it created a scope of damages that was significantly less
    than the amount of damages Plaintiff suffered.

20. Defendant has created this environment of hiring poorly trained adjusters so as to create estimates that are
    substantially less than what its insured's have actually suffered.

21. Therefore Defendant failed to properly adjust both claims and summarily improperly paid the claims with
    obvious knowledge and evidence of serious cosmetic and structural damage – hoping that Plaintiff would

lack the knowledge of the amount of damage she actually suffered.

22. As Plaintiff strongly disagrees with the lowball scope of loss that Defendant's advocate prepared, Plaintiff has invoked appraisal.

23. All conditions precedent upon the policy had been carried out and accomplished by Plaintiff.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear.

25. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case.

28. The acts and omissions Defendant committed in this case, or similar acts and omission, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.

29. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

30. Plaintiff anticipates that Defendant has and will continue to manipulate the claims process and appraisal process in an effort to underpay or deny the claim.

31. Furthermore, Plaintiff anticipates that Defendant has or will require additional steps in claiming policy benefits to which do not exist in the policy.

32. For example, Defendant routinely requires that Plaintiff prove that a dispute exists as to the claimed benefits – even though Plaintiff has sent demand letters, invoked appraisal, and filed this lawsuit to force the appraisal process.

33. Plaintiff anticipates that Defendant will require or attempt to require that Plaintiff sign a unilateral release of claims against Defendant in order for Defendant to pay any appraisal award when the policy for insurance benefits doesn't require that.

34. Specifically, Plaintiff anticipates that Defendant will require a unilateral release of claims against Defendant before issuing payment as a result of the appraisal process.

35. This behavior is strictly forbidden under Texas Insurance Code 541.060.

36. The above actions from Defendant show that it has no intent preform on the contract when performance is due – namely, to pay policy benefits after an insured has suffered a covered loss.

37. This lawsuit is not about the *amount* of loss. Indeed, it is about Defendant's refusal to participate in the appraisal process and the actual damages Plaintiff suffered in forcing Defendant to participate in the appraisal process.

38. Plaintiff reserves all rights to invoke appraisal under the terms of insurance and is filing this lawsuit to enforce its rights of appraisal.

## VIII.

### Causes of Action:

### COUNT 1:

### Breach of Contract

1. Plaintiff and Defendant have entered into a contract for insurance benefits.

2. One of the conditions in the policy is appraisal.

3. Plaintiff has timely invoked appraisal yet Defendant refuses to participate.

4. After numerous demands, Defendant has forced Plaintiff to file a lawsuit to make Defendant participate in appraisal.

5. Plaintiff seeks an order forcing Defendant to participate in appraisal.

6. Plaintiff seeks the actual damages she/he has suffered in forcing Defendant to participate in appraisal.

7. The purpose of appraisal is to determine the amount of an insured loss. Appraisal is a remedy available under the applicable policy to determine the amount of loss when the parties disagree. Plaintiff has invoked the appraisal clause of the policy. Plaintiff seeks Defendant to abide by its own policy provision and asks the Court to order the parties to participate in appraisal.

## Appraisal Demand

8. As set forth above, Plaintiff and Defendant do not agree on the amount of Plaintiff's losses. Therefore, Plaintiff has sent notice to Defendant that Plaintiff named its appraiser and invoked the Policy's appraisal clause referenced above.

## Once Invoked Appraisal is Mandatory and Enforceable

9. Texas courts specifically enforce the appraisal clause in property insurance policies and this Court has the authority to order the parties to participate in compliance with this policy condition. *State Farm v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002). Since 1888, when the Texas Supreme Court decided *Scottish Union & National Ins. Co. v. Clancy*, Texas courts have regularly and consistently enforced appraisal clauses by ordering the parties to comply. *See Clancy*, 8 S.W. 63 (Tex. 1888); *In re Allstate*, 85 S.W.3d at 196.

10. Texas has consistently recognized appraisal awards as binding and enforceable, and courts indulge every reasonable presumption to sustain them. *See, e.g., Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Once invoked, appraisal is mandatory.

11. A party who refuses to engage in the process is subject to judicial compulsion. Because the amount of loss must be determined in every property damage case, "appraisals should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 894. Therefore, a court faced with a motion to compel appraisal lacks any discretion to deny it, assuming the party has timely invoked the process and otherwise complied with the policy. *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002) (orig. proceeding). *Johnson*, 290 S.W.3d at 888 ("While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely."); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (mandamus will issue against a failure to order an appraisal in the proper circumstances). An appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way. *Johnson*, 290 S.W.3d at 895.

12. The appraisal clause is thus mandatory and non-revocable and is specifically enforceable by either party. *See, e.g., Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist] 1974, no writ) (holding that an insured can enforce the appraisal provision against an unwilling insurer); *Laas v. State Farm Mut. Ins. Co.*, 2000 WL 1125287, at *4-5 (Tex. App.—Houston [14th Dist] 2000, pet. denied) (holding the trial court has power to appoint an umpire when the parties' appointed appraisers fail to do so).

13. In *Allstate*, the Texas Supreme Court explained that denying appraisal vitiates the insurer's ability to defend against a breach of contract claim because appraisal goes to the heart of such a claim. *Allstate*, 85 S.W.3d at 196. Accordingly, the *Allstate* Court granted mandamus relief when the trial court denied a motion to compel appraisal, finding that the denial constituted an abuse of discretion and that the insurer lacked an adequate remedy by appeal.

14. The appraisal clause is a condition precedent to coverage for damages under property insurance policies. *State Farm v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("…appraisal is intended to take place before suit is filed; [the Texas Supreme Court] and others have held that it is a condition precedent to suit."). The Policy contains provisions that specifically condition coverage actions on compliance by the insured with policy conditions such as the appraisal clause.

15. Pursuant to the appraisal clause and the suit against us clause, compliance with the appraisal process is a condition precedent to coverage and to the validity of Plaintiff's suit against Defendant. Either party can invoke appraisal. Both parties are bound by that invocation. Whether appraisal begins before or during litigation, the lawsuit must be abated. *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09- CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause ... a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward,* 2010 WL 1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition precedent in its policy is abatement of the case"); *see also United Neurology, P A v. Hartford Lloyd's Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes

forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete). There is no legal, contractual or case law support for an attempt to avoid the appraisal process.

16. If either party fails to comply with the appraisal clause, Plaintiff cannot recover under the Policy. Further, because the respective appraisal clauses are binding upon the respective parties, there can be no breach of contract action for failure to pay amounts in excess of the award. *Scottish Union & National Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *Waterhill Cos. Ltd. v. Great American Assurance Co.*, 2006 WL 696577, slip op. at *2 (S.D. Tex. March 16, 2006); *Brownlow v. United States Automobile Ass'n*, 2005 WL 608252 (Tex. App.—Corpus Christi 2005, pet. denied); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); P*rovidence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 878 (Tex. App.—San Antonio 1994, no writ).

17. The combination of the appraisal clause and the "suit against us" clause entitles either party to abatement of the insured's action until the completion of the appraisal. *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet) (the appraisal and no action clauses of the policy are unambiguous and enforceable, and the insureds could not sue before they complied with the appraisal clause).

18. The Policy provides a specific mechanism for resolution of disputes about the amount of loss. That mechanism is appraisal, and it is binding on all parties. As discussed by the courts in *Waterhill*, *Brownlow*, and *Breshears*, *supra*, if Defendant complies with the appraisal award, there can be no breach of contract, making Plaintiff's suit unnecessary. Therefore, abatement of any further proceedings in this lawsuit pending completion of the appraisal process promotes judicial efficiency. *See Slavonic*, 308 S.W.3d at 565; *see also Butler v Prop. & Cas. Ins. Co. of Hartford*, Civ. A. No H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice").

## IX.

## DAMAGES AND PRAYER

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

    a.  Actual damages that Plaintiff has suffered as a result of Defendant refusing to participate in appraisal;

    b.  Actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits;

    c.  Attorney fees that Plaintiff has incurred as a result of Defendant refusing to participate in appraisal; and

    d.  A court order requiring Defendant to participate in appraisal

## X.

## RESERVATION OF RIGHTS TO APPRAISAL PROCESS

20. Plaintiff has invoked appraisal prior to filing this lawsuit.

21. Furthermore, by filing this Petition Plaintiff again invokes appraisal and renews its requests for appraisal as further needed and maintains its rights to the appraisal process.

22. Plaintiff specifically reserve any rights to change, supplement, amend, and add or remove disputed items to present to the Appraisal Panel as these items are discovered during the appraisal process.

23. In the event the appraisers are unable to select an umpire during the time period allotted, Defendant is formally given notice that Plaintiff intends to ask this Court to select an *independent* umpire.

24. Defendant is given notice that this lawsuit is filed without any intent to waive any appraisal rights because this lawsuit is not relating the *amount* of loss.

25. More specifically, this is a lawsuit brought to prevent Defendant from continuing in its attempts to avoid participation in the appraisal process.

26. Plaintiff reserves all rights to seek any attorney fees and actual damages that Plaintiff incurred for having this Court compel the appraisal process.

## XI.

## PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

27. Plaintiff makes 194.2 requests to Defendant.

28. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.


Respectfully Submitted,


**DICK LAW FIRM, PLLC**


Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## INTERROGATORIES

1. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

2. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

3. Identify by date, author, and result the reports generated as a result of your investigation.

ANSWER:

4. State the following concerning notice of claim and timing of payment:
   a. The date and manner in which you received notice of the claim
   b. The date and manner in which you acknowledged receipt of the claim
   c. The date and manner in which you commenced investigation of the claim
   d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
   e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

5. Identify by date, amount and reason, the insurance payments made by you to the Plaintiff.

ANSWER:

6. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

7. Do you contend that appraisal is improper in this matter?

ANSWER:

8. Do you contend that the Plaintiff has properly invoked appraisal?

9.  Do you contend that Defendant should not communicate to any umpire *ex parte*?

ANSWER:

10. What relationship do you have, if any, with any umpire that you or your appraiser has suggested?

ANSWER:

11. What relationship do you have, if any, of the umpire selected or appointed in this appraisal?

## EXHIBIT "B"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## PRODUCTION PROTOCOL RELATING TO
## ELECTRONICALLY STORED INFORMATION
## (ESI ATTENDANT TO DISCOVERY REQUESTS TO DEFENDANT)

1. "Information items" as used herein encompasses individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically, or magnetically or as a record within a database, archive, or container file. The term should be read broadly to include e-mails, messaging, word processed documents, digital presentations, and spreadsheets.

2. Consistent with Texas Rule of Civil Procedure 196.4, responsive electronically stored information (ESI) has been requested by Plaintiff in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekly Homes, L.P.*, 295 S.W.3d 309 (Tex.2009); TEX. R. CIV. P. 192.4(b).

3. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure, or functionality as compared to the native form. Static image production formats serve as near-alternatives only for information items that are natively static images (i.e., photographs and scans). Any and all agreements between the parties on a non-native form of production shall occur prior to initial production and the agreements shall be in writing. If no agreement can be made between the parties, consistent with Texas Rule of Civil Procedure 196.4, Defendant(s) will object and file with the Court evidence that production in native or near-native form is unduly burdensome or requires extraordinary steps. In the event the Court determines that production in native or near-native format is infeasible, production shall be made in accordance with the instruction of this Protocol.

4. The table below supplies examples or agreed-upon native or near-native forms in which specific types of ESI should be produced:

| Source ESI | Native or Near Native Form or Forms Sought |
| --- | --- |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect Documents | .WPD |
| Adobe Acrobat Documents | .PDF |

| Photographs | .JPG, .PDF |
| --- | --- |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. For Lotus Notes mail, furnish .NSF files or convert to .PST. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

5. Absent the showing of need, a party shall only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer prior to initial production regarding programming database productions as necessary.

6. Information items that are paper documents or that require redaction shall be produced in static image formats, e.g., single-page .TIF or multipage .PDF images. If an information item contains color, the producing party shall not produce the item in a form that does not display color. The full content of each document will be extracted by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file.

7. Parties shall take reasonable steps to ensure that text extraction methods produce usable, accurate, and complete searchable text.

8. Individual information items requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item. To the extent a producing party asserts that production in .PDF format and redaction using the Adobe Acrobat redaction feature is unfeasible, the parties are directed to confer in an attempt to resolve any dispute without Court intervention. If the dispute cannot be resolved between the parties, the manner of production can be brought before the Court consistent with TEX. R. CIV. P. 196.4.

9. Upon a showing of need, a producing party shall make a reasonable effort to locate and produce the native counterpart(s) of any .PDF or .TIF document produced. The parties agree to meet and confer prior to initial production regarding production of any such documents. This provision shall not serve to require a producing party to reveal redacted content.

10. Except as set out in this Protocol, a party need not produce identical information items in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata, and utility of an information item shall all be considered in determining whether information items are identical, and items reflecting different information shall not be deemed identical.

11. Production should be made using appropriate electronic media of the producing party's choosing provided that the production media chosen does not impose undue burden or expense upon a recipient. All productions should be encrypted for transmission to the receiving party. The producing party shall, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

12. Each information item produced shall be identified by naming the item to correspond to a Bates identifier according to the following protocol:

   - The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying the party making the production

   - The next nine (9) characters will be a unique, consecutive numeric value assigned to the time by the producing party. This value shall be padded with leading zeros as needed to preserve its length

   - The final five (5) characters are reserved to a sequence beginning with an underscore(_) followed by a four digit number reflecting pagination of the item when printed to a paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

   - By way of example, a Microsoft Word document produced by Joe Johnson in its native form might be named: JJSN000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier JJSN000000123_0006.

13. Information items designated Confidential may, at the Producing Party's option:

   - Be separately produced on electronic production media prominently labeled confidential to comply with a Protective Order, if applicable.

   - When any item so designated is converted to a printed format for any reason or

imaged format for use in any submission or proceeding, the printout or page image shall bear be labeled confidential on each page in a clear and conspicuous manner, but not so as to obscure content.

14. Producing party shall furnish a delimited load file supplying the metadata field values listed below for each information item produced (to the extent the values exist and as applicable)

**FIELD**

BeginBates

EndBates

BeginAttach

EndAttach

Custodian/Source

Source File Name

Source File Path

From/Author

To

CC

BCC

Date Sent

Time Sent

Subject/Title

Last Modified Date

Last Modified Time

Document Type

Redacted Flag (yes/no)

Hidden Content/Embedded Objects Flag (yes/no)

Confidential flag (yes/no)

MD5Hash value

Hash De-Duplicated Instances (by full path)

15. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

16. Parties shall respond to each request for production by listing the Bates numbers/ranges or responsive documents produced, and where an information item responsive to these discovery requests has been withheld or redacted on a claim that it is privileged, the producing party shall furnish a privilege log in accordance with Texas Rule of Civil Procedure 193.3.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last two years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. Contracts between you and the appraiser hired by you in this matter.

RESPONSE:



7. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

8. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9. The documents reflecting reserves applied to the subject claim.

RESPONSE:

10. For the past three years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

11. For the last three years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

12. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

13. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

14. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

15. Your preferred umpire list.

RESPONSE:

## EXHIBIT "C"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.      PLAINTIFF has invoked the appraisal.

ANSWER:

2.      DEFENDANT has a preferred list of umpires.

ANSWER:

3.      PLAINTIFF has not waived its rights to appraisal.

ANSWER:

4.      DEFENDANT has refused to participate in appraisal.

ANSWER:

5.      PLAINTIFF has demanded appraisal prior to filing this lawsuit.

ANSWER:

6.      The insurance policy at issue has an appraisal provision.

ANSWER:

7.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S attorney fees.

ANSWER:

8.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S costs associated with this lawsuit.

ANSWER:

### EXHIBIT "D"
### PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are is retained:

1. Eric Dick, LL.M.
   **DICK LAW FIRM, PLLC**
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| College: | Thomas M. Cooley |
|---|---|
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star. Elected as Harris County Department of Education Trustee. Elected as Vice President of the Board for Harris County Department of Education.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;

- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  - o The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  - o The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
  - o The fee customarily charged in the locality for similar legal services;
  - o The amount involved and the results obtained;
  - o The time limitations imposed by the client or the circumstances;
  - o The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
TBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(832) 207-2007 Telephone
eric@dicklawfirm.com

CAUSE NO. _____

| | | |
|---|---|---|
| **JEFFREY and SHERRI ADAMS,** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER _____** |
| | § | |
| **FEDNAT INSURANCE COMPANY,** | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## EXHIBIT E

COMES NOW Plaintiff by and through his/her attorney, who stipulates as follows:

1.      The total sum or value in controversy in this cause of action does not exceed

$75,000.00 exclusive of interest and costs.

2.      The total damages sought by the Plaintiff in this cause of action does not exceed

$75,000.00 exclusive of interest and costs.

3.      Neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00

exclusive of interest and costs.

4.      Neither Plaintiff of his/her attorney will amend his/her petition after one year to plead

an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.      Neither Plaintiff nor his/her attorney will authorize anyone on his/her behalf or

his/her future heirs and/or assigns, to make such an amendment.

6.      Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited

to an amount less than $75,000.00 exclusive of interest and costs.

Signed on February 9, 2018

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
 www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

JUN 0 3 2019

CAUSE NO. 1126859

| | | |
|---|---|---|
| JEFFREY and SHERRI ADAMS | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| FEDNAT INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, FEDNAT INSURANCE COMPANY, files its Original Answer as follows:

### GENERAL DENIAL

1.      At this time, Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require Plaintiffs to prove Plaintiffs' claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

### VERIFIED DENIALS

2.      Defendant denies that all conditions precedent have been performed by Plaintiffs, and denies that all conditions precedent have otherwise occurred. Specifically, on January 17, 2019 and March 25, 2019, Defendant requested that Plaintiffs submit to examinations under oath as provided for in **Section I—Conditions**, paragraph **C. Duties After Loss** of **Homeowners 3 – Special Form HO 00 03 05 11** of the subject insurance policy, and as amended by **Special Provisions – Texas HC19121305 05 15**.

3.      These provisions require Plaintiffs to "[s]ubmit to examination under oath, while not in the presence of another 'insured', and sign the same." Compliance with this requirement is

a condition precedent to suit under Paragraph **H. Suit Against Us**, which states that "no suit or action can be brought against [Defendant] unless there has been full compliance with all of the terms under Section **I** of this Policy." This condition precedent has not occurred because Plaintiffs have not submitted to examinations under oath as requested by Defendant.

4.      Defendant denies that Plaintiffs have given written notice complying with Tex. Ins. Code § 542A.003.

## SPECIAL EXCEPTIONS

5.      Defendant specially excepts to Section VIII of Plaintiffs' Original Petition, titled "Breach of Contract,"[1] because the generalized allegations therein (i) are inadequate to state a cognizable cause of action for breach of contract; and (ii) conflict with the factual allegations in Section VII[2] and the relief prayed for in Section IX.[3]

6.      A cursory reading of Plaintiffs' Petition shows a confusing mix of legal and factual allegations that prevent Defendant from ascertaining the nature and basic issues of the controversy. Specifically, Plaintiffs' Petition goes to great lengths to convince the reader that this lawsuit is not about "the *amount* of loss."[4] Yet Plaintiffs simultaneously assert that they seek "an order forcing Defendant to participate in appraisal"[5] to "determine the amount of loss";[6] and the first 30 paragraphs of Section VII consist of standard first-party bad faith allegations that generally complain of what Plaintiffs appears to view as an insufficient amount of loss.[7] Plaintiffs also seek "benefit of the bargain" damages that imply this suit is *not* simply for enforcement of the policy's appraisal provision, but rather for alleged underpayment of their

---

[1] *See* Plaintiffs' Original Petition, a true and correct copy of which is on file with this Honorable Court and incorporated by reference herein as if set forth verbatim, at p. 5.
[2] *See id*., at pp. 3-5.
[3] *See id*., at pp. 9-10.
[4] *Id*., at p. 5, para. 37 (emphasis in original); *see also* p. 10, para. 24 ("this lawsuit is not relating the *amount* of loss" [*sic*.] (emphasis in original)).
[5] *Id*., at p. 5, para 5.
[6] *Id*., at para. 7.
[7] *See id*., at pp. 3-5.

claim.[8]

7.     Plaintiffs also seek "the actual damages she/he [*sic.*] has suffered in forcing Defendant to participate in appraisal."[9] However, Plaintiffs' failure to plead a cognizable cause of action for breach of contract is obvious in that their pleadings lack any information regarding the nature and scope of the "actual damages" they allegedly incurred in "forcing Defendant to participate in appraisal." Plaintiffs likewise fail to allege their performance or tendered performance under the contract, fail to allege how the purported breach by Defendant resulted in these unspecified damages to Plaintiffs, and fail to allege any factual basis supporting even the inference that the elements of breach of contract exist.

8.     Because Plaintiffs' Original Petition lacks necessary factual and legal bases to give Defendant fair notice of the claims alleged, Defendant specially excepts as set forth above, and respectfully asks this Court to Order Plaintiffs to replead and cure these pleading defects.

### AFFIRMATIVE AND SPECIFIC DEFENSES

9.     Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiffs.

10.     Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

---

[8] *Id.*, at p. 9, para. 19.
[9] *Id.*, at p. 6, para. 6.

11.     Pleading further and in the alternative, Defendant says that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any defendant herein or any other person or entity not a party to this litigation.  Further, Defendant would assert the affirmative defenses of unclean hands, accord and satisfaction, release, payment, credit, offset, res judicata, excessive demand, collateral estoppel, waiver and laches, as provided under Rule 94 of the Texas Rules of Civil Procedure.

12.     Defendant would further show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy of insurance made the basis of this action.

13.     Defendant would further show that Plaintiffs have failed to meet the conditions of the policy made the basis of this action.

14.     Defendant would further show that the policy made the basis of this action contains terms and conditions expressly excluding the coverage sought by Plaintiffs.

15.     Pleading further and in the alternative, Defendant would show that Plaintiffs have failed to mitigate their damages.

16.     Further answering and without waiving the foregoing, Defendant would show that certain acts or omissions of Plaintiffs were relied upon by Defendant.  Therefore, Defendant asserts the affirmative defense of estoppel.

17.     Pleading further and without waiving the foregoing, Plaintiffs did not give written notice providing the information required by TEX. INS. CODE § 542A.003(b) at least 61 days before the date this action was filed. Therefore, Defendant invokes TEX. INS. CODE § 542A.007(d), which states that the court may not award Plaintiffs any attorney's fees incurred from the date Defendant files this pleading.

4

18.     Pleading further and without waiving the foregoing, appraisal is only appropriate to determine the amount of a covered loss, and cannot be used to determine solely whether a loss exists. Because Plaintiffs' claim does not involve a covered loss, but rather an excluded loss, the policy's appraisal provision does not apply to Plaintiffs' claim.

19.     Defendant gives notice to all parties that Defendant intends to use any and all documents that are produced by a party against that party and/or others in any pretrial proceedings or a trial pursuant to Tex. R. Civ. P. sec. 193.7 without the necessity of authenticating the documents.

20.     Defendant respectfully demands a trial by jury on all contested issues of fact.

## PRAYER

WHEREFORE, Defendant prays that Plaintiffs' suit against it be dismissed at Plaintiffs' cost and that the Court grant all other and further relief, both special and general, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Jake Kauffman*
Les Pickett
  State Bar No. 15980520
  lpickett@gallowaylawfirm.com
Jake Kauffman
  State Bar No. 24080594
  jkauffman@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANT**
**FEDNAT INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing has been served via electronic service, in accordance with the Texas Rules of Civil Procedure, to the following on this the 28th day of June, 2019:

Eric Dick
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
***Counsel for Plaintiffs***

*/s/ Jake Kauffman*
Les Pickett
Jake Kauffman

6

CAUSE NO. 1126859

| | | |
|---|---|---|
| JEFFREY and SHERRI ADAMS | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| FEDNAT INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF JAKE KAUFFMAN

1.      I am one of the attorneys of record for Defendant FedNat Insurance Company in the above-styled action.

2.      I have read Defendant's Original Answer and Verified Denials, and the contents of Paragraphs 2, 3, and 4 therein are within my personal knowledge and are true and correct.

My name is James "Jake" Kauffman, my date of birth is August 31, 1984, and my address is 1414 Althea Drive, Houston, Texas, 77018. I declare under penalty of perjury that the facts stated in this document are true and correct.

Executed in Harris County, State of Texas, on June 28, 2019.

_____

JAKE KAUFFMAN

Docket Number: 1126859

| JEFFREY ADAMS, SHERRI ADAMS vs | § | In the  County Civil Court at Law No. 1 |
|---|---|---|
| FEDNAT INSURANCE COMPANY | § | |
| | § | Harris County, Texas |
| | § | |
| | § | |
| | § | |

## ORDER OF REFERRAL OF MEDIATION

This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154.001, et seq. MITCHELL KATINE is appointed a mediator in the above case, and all counsel are directed to arrange the logistics of mediation. The Mediator's address, phone and fax numbers are as follows:

MITCHELL KATINE, 1834 SOUTHMORE BOULEVARD  HOUSTON, TX  77004, Mediator Phone: Work: 713-808-1000, Fax: 713-808-1107

Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

Named parties shall be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must be completed within one week before trial setting. Counsel and parties shall try to agree upon a mediation date within fourteen days of the date of this order. If no agreed date can be scheduled, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

Referral to the mediation is not a substitute for a trial and the case will be tried as assigned if not settled. Disputes as to fees may be submitted to the Court.

Signed on: 7/2/2019

George Barnstone
Judge Presiding

JAMES BRENDAN KAUFFMAN
GALLOWAYJOHNSONTOMPKINSBURR & SMITH
1301 MCKINNEY SUITE 1400
HOUSTON TX  77010

H01139 (Rev. 05/01/2011)

**Docket Number: 1126859**

| JEFFREY ADAMS | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| | § | |
| VS. | § | AT LAW NO. ONE (1) |
| | § | |
| FEDNAT INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

### ORDER FOR TRIAL SETTING

It is hereby ORDERED that this case is SET for trial beginning on 08/26/2019 at 9:30 AM. The Courtroom is located at 201 Caroline 5th floor Houston, TX 77002.

It is further ORDERED that PLAINTIFF notify all attorneys or pro se parties of this ORDER by certified mail, return receipt requested immediately.

Should the case settle prior to trial, please call the Trial Coordinator at 832-927-1711.

ATTENTION:
IF THIS CASE IS ELIGIBLE FOR THE FILING OF A DEFAULT JUDGMENT PLEASE BE AWARE THE DEFAULT MUST BE FILED 14 DAYS BEFORE THE DATE OF TRIAL OR YOU MUST APPEAR BEFORE THE JUDGE ON THE DAY OF THE TRIAL. FAILURE TO COMPLY WITH THIS NOTICE COULD RESULT IN YOUR CASE BEING DISMISSED BY THE COURT.

Signed on: 7/2/2019

George Barnstone
Judge Presiding

JAMES BRENDAN KAUFFMAN
GALLOWAYJOHNSONTOMPKINSBURR & SMITH
1301 MCKINNEY SUITE 1400
HOUSTON TX  77010

**Docket Number: 1126859**

| | | |
|---|---|---|
| JEFFREY ADAMS | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NO. ONE (1) |
| | § | |
| FEDNAT INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

## ORDER FOR TRIAL SETTING
## JURY TRIAL SCHEDULING ORDER & NOTICE OF INTENT TO DISMISS

Failure to comply with this Order may result in dismissal for want of prosecution or default.

1.  **TRIAL DATE.** It is hereby ordered that this case is set for Trial beginning on 10/21/2019 at 9:30 AM. The Courtroom in located at 201 Caroline 5th floor Houston, TX 77002. Should the case settle prior to trial, please call the Trial Coordinator at 832-927-1711.

2.  **PRE-TRIAL CONFERENCE AND DOCKET CALL.** It is hereby ordered that all parties must appear at 9:00 a.m. of the Friday immediately preceding the Trial Date. PRIOR TO the Pre-trial Conference, each party is ordered to exchange with all other parties their witness lists, their pre-numbered exhibits, their motions in limine, their edited page and line excerpts of deposition testimony, their proposed jury charge, and any relevant case law that they are relying upon. At the Pre-Trial Conference the Court will rule on any objection to the above, pre-admit exhibits for trial, and announce the trial's start time.

3.  **DISCOVERY.** All discovery requests must be served so that the deadline for responding and/or performing will be at least 30 days before the above Trial Date. Parties may only conduct discovery beyond this deadline by Rule 11 agreement or leave of Court. NOTE: Rule 193.6 will be applied and incomplete discovery will not delay the trial.

4.  **NOTICE.** It is hereby Ordered that Plaintiff notify all other parties of this Order by regular and certified mail within 7 days to the date of this Order.

5.  **MINORS.** If a minor child is a party by next friend or otherwise, defense counsel is Ordered to file on or before 30 days of the trial date either a Motion and Order to appoint a Guardian Ad Litem or a Motion and Order to waive the appointment of a Guardian Ad Litem.

Signed on: 7/11/2019

George Barnstone
Judge Presiding

JAMES BRENDAN KAUFFMAN
GALLOWAYJOHNSONTOMPKINSBURR & SMITH
1301 MCKINNEY SUITE 1400
HOUSTON TX  77010

Form No. H01152 (Rev. 6/19/2017)

STATE OF TEXAS

COUNTY OF <u>HARRIS</u>

# DECLARATION
# FOR
# UMPIRE APPOINTMENT

The undersigned request the district court to appoint an umpire for the property located at:

2819 N. MAIN STREET, BAYTOWN, TEXAS 77521

Our appraisers have failed to agree to an umpire, the time period to reach such an agreement has passed and we are now requesting that a district judge appoint an umpire.

Signature: _____   Signature: _____

Name of Insured: LETICIA SANDOVAL       Name of Ins. Co: GREAT LAKES REINSURANCE

Appraiser: RAY CHOATE                    Appraiser: RANDALL TAYLOR

Telephone No.: 972-755-1899              Telephone No.: 713-682-5143

Fax No.: _____          Fax No.: _____

Insured Appraisal: $_____       Insured Appraisal: $_____

## APPOINTMENT OF UMPIRE

The following person is appointed umpire:

Name: Eric William Center

Phone: 713. 227. 0042

Signed this 25th day of April, 2019

Printed Name: R. K. Sandell

**Judge Presiding**



## Dick Law Firm

Eric B  Dick, Attorney at Law
(832)207-2007,
3701 Brookwoods Dr, Houston, TX 77092

April 23rd, 2019

Gabriela De La Rosa
Civil Ancillary

Re·   Declaration for Umpire Appointment
      Cause Number 1112204; Leticia Sandoval v  Great Lakes Reinsurance (UK) SE,

|                   |                                       |
|-------------------|---------------------------------------|
| Insured:          | Leticia Sandoval                      |
| Policy No         | GK16390616053                         |
| Date of Loss      | 08/27/2017                            |
| Location of Loss  | 2819 Main Street, Baytown, Texas 77521|
| Carrier           | Great Lakes Reinsurance               |

Ms. De La Rosa

    <u>Please see the attached Declaration for Umpire Appointment  The case appraisers are currently at an impasse thus we are requesting that an umpire is appointed, thank you</u>

RESPECTFULLY,

ERIC B  DICK, ATTORNEY AT LAW

## CERTIFICATE OF CONFERENCE

On April 23, 2019, the case appraisers were unable to come agreement on an umpire or the time passed to which the appraisers could come to an agreement

Eric B  Dick, LL M
SBN  24064316

## CERTIFICATE OF SERVICE

I certify that in I served a copy of the above to Insurance Carrier's representative

SIGNED on April 23, 2019

*Eric B. Dick*
SBN  24064316

**Appraisal**

If you and we fail to agree on:

    **(a)** the value of the property or the amount of loss,  as calculated in accordance with the Loss Payment provision in Paragraph **4, E. Loss Conditions,** BUILDING AND PERSONAL PROPERTY COVERAGE FORM; or

    **(b)** the amount of Net Income and operating expense or the amount of loss  as calculated in accordance with the Loss Determination provisions in paragraph **3, C. Loss Conditions,** in either the BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM or the BUSINESS INCOME (WITHOUT EXTRA EXPENSE) COVERAGE FORM,

either you or we may make a written demand for appraisal. Appraisal is a condition precedent to you bringing suit against us.

In the event of a demand for appraisal, each party shall choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. During this same time  period, the parties shall provide to each other in writing the name and contact information for their selected appraiser. The two appraisers shall select a competent and disinterested umpire.

If such appraisers cannot agree upon an umpire within 15 days after the selection of the second appraiser, you or we shall request that the choice of a competent and disinterested umpire be made by a judge of a district court in the judicial district where the loss occurred. You and we may also agree to delay selection of an umpire until the appraisers have first attempted to reach an agreement on the disputed items under Paragraphs **(a)** and **(b)** in this endorsement. Each party must provide immediate notice to the other party of any request or motion to a court for appointment of an umpire and any hearing on that issue.

**List of Recommended Umpires**

| Name | Phone | Website | Judge |
|------|-------|---------|-------|
| Hon David Patronella | (713) 755-5125 | www jp hctx net/1-2/judge htm | Yes |
| Hon Joe Stephens | (713) 590-9011 | www joestephenslaw com/about/ | Yes |
| Hon Eric Carter | (713) 697-1224 | www carter-lawfirm.com/ourteam/ | Yes |
|  |  |  |  |

**Docket Number: 1126859**

| JEFFREY ADAMS | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| | § | |
| VS. | § | AT LAW NO. ONE (1) |
| | § | |
| FEDNAT INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

## STATUS CONFERENCE and NOTICE OF INTENT TO DISMISS

It is ordered that a status conference has been set on 12/20/2019 at 9:30 AM. All parties are ORDERED to appear for a status conference on said date. Be prepared to set case for trial and discuss ADR options.

NOTICE OF INTENT TO DISMISS AT STATUS CONFERENCE:

YOUR CASE WILL BE DISMISSED FOR WANT OF PROSECUTION:

    a)   Unless, prior to the conference, all necessary parties have been properly joined or served with citation;

        or

    b)   Upon failure to appear for Status Conference.

If you have any questions regarding this notice, please contact the Trial Coordinator at 832-927-1711.

Signed on: 8/16/2019

                                   <u>George Barnstone</u>
                                   Judge Presiding

JAMES BRENDAN KAUFFMAN
GALLOWAYJOHNSONTOMPKINSBURR & SMITH
1301 MCKINNEY SUITE 1400
HOUSTON TX  77010

Form No. H01135 (Rev. 05/01/2011)

**1126859**

Harris County - County Civil Court at Law No. 1



8/13/2019 5:15 PM
Diane Trautman
County Clerk
Harris County

CAUSE NO. 1126859

| | | |
|---|---|---|
| JEFFREY and SHERRI ADAMS, | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| FEDNAT INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

### AGREED ORDER ON MOTIONS TO ABATE

Pending before the Court are Plaintiffs Jeffrey and Sherri Adams' (collectively, "Plaintiffs") Motion to Compel Appraisal and Abatement, and Defendant FedNat Insurance Company's ("Defendant") Motion to Abate Pending Examination Under Oath. After considering the motions, the respective responses, the pleadings, oral arguments of the parties, and evidence, if any, the Court finds that the motions should be GRANTED. It is, therefore,

ORDERED, ADJUDGED, AND DECREED that the parties shall participate in appraisal, and that the parties shall designate their respective appraisers within seven (7) days of this Order.

IT IS FURTHER ORDERED that such appraisal will be subject to and in conformity with the terms, conditions, limitations, and exclusions of the subject insurance policy, including all endorsements thereto.

IT IS FURTHER ORDERED that Plaintiffs will submit to separate examinations under oath within 45 days of this Order.

IT IS FURTHER ORDERED that the above-styled and captioned cause is abated and shall remain abated pending the Court's receipt of a joint notice from the parties that the examinations under oath and appraisal have been completed, or upon either party's unilateral motion showing good cause to lift the abatement.

SIGNED _____AUG 1 5 2019_____, 2019.

_____
JUDGE PRESIDING

**DICK LAW FIRM, PLLC**


_/s/ Eric Dick_____
Eric Dick, LL.M.
TBN: 24064316
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Telephone
eric@dicklawfirm.com

**ATTORNEY FOR PLAINTIFF**


**GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH**


_*/s/ Jake Kauffman w/permission___
Les Pickett
State Bar No. 15980520
lpickett@gallowaylawfirm.com
Jake Kauffman
State Bar No. 24080594
jkauffman@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANT**

2